**E.I. DuPONT de NEMOURS & COMPANY, Plaintiff,**

v.

**PHILLIPS PETROLEUM COMPANY, Phillips 66 Company, and Phillips Driscopipe, Inc., Defendants.**

**Civ. A. No. 81–508–JLL.**

United States District Court, D. Delaware.

Oct. 2, 1989.

See also 720 F.Supp. 373.

William O. La Motte, III, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., and John O. Tramontine, Edward F. Mullowney, David J. Lee, Glenn A. Ousterhout, Thomas J. Vetter and Michael A. Messina of Fish & Neave, New York City, of counsel, for plaintiff.

Craig B. Smith and Robert J. Katzenstein of Lassen, Smith, Katzenstein & Furlow, Wilmington, Del., and Harry J. Roper, George S. Bosy, Raymond N. Nimrod, and Steven R. Trybus of Neuman, Williams, Anderson & Olson, Philip S. Beck and Philip C. Swain of Kirkland & Ellis, Chicago, Ill., of counsel, for defendants.

ORDER DENYING MOTION FOR A NEW TRIAL OR TO REOPEN THE RECORD TO RECEIVE ADDITIONAL EVIDENCE

LATCHUM, District Judge.

The Court having considered defendants' (collectively "Phillips") motion for a new trial or to reopen the record to receive additional evidence, filed August 30, 1989 (Docket Item ["D.I."] 326), together with affidavits and exhibits in support thereof (D.I. 327), it is

ORDERED that defendants' above-mentioned motion is hereby denied.

*Reasons:* This is the third time that Phillips has presented this or equivalent motions for this Court's consideration and decision.

After this case was remanded in part by the Federal Circuit to this Court by a certified judgment in lieu of a mandate on August 5, 1988 (D.I. 288), the opposing parties took great pains to counsel this Court as to how it should proceed in handling the remand proceedings. (D.I. 291–301; *see also* D.I. 324, pp. 7–9.) Phillips urged this Court to stay the remand proceedings until the U.S. Patent Office had an opportunity to rule on the various reexamination proceedings it had filed. DuPont opposed any such stay. (*Id.*) In the course of those submissions, Phillips took the position that this Court would be required to open the record to take additional evidence which could not be immediately accommodated because of this Court's calendar and thus a stay was justified. (D.I. 298 & 300.) DuPont, of course, argued to the contrary. (D.I. 299.) Then this Court on November 7, 1988, concluded that the matters to be determined on remand could be performed properly on the present trial record taking into account all exhibits introduced and testimony presented at trial without opening the record for additional evidence. (D.I. 302.) Accordingly, a briefing schedule on the remand issues was established and all briefing was to be completed by January 30, 1989. (*Id.*)

Notwithstanding the Court's determination and order of November 7, 1988 (D.I. 302), Phillips moved for summary judgment on the invalidity of Claims 1 and 12, or in the alternative (and for the second time), moved the Court to reopen the trial record and take certain additional evidence directed to the invalidity of Claims 1 and 12. (D.I. 305.) Phillips' alternative motion (D.I. 305) was supported by affidavits which Phillips asserted "report reproductions of

the Witt and Leatherman ethylene-hexene copolymers," and evaluation of the reproductions. (D.I. 306 at 2.) Phillips argued that the admission of this evidence was required by the Federal Circuit's mandate in this case and by controlling authorities. (D.I. 306 at 8.)

This issue was again fully considered and specifically ruled upon by this Court in its written opinion on remand entered on March 6, 1989 (D.I. 312 at 6–17), and, indeed, the Court's judgment entered in accordance with that opinion on the same date expressly provided in paragraph 1 (D.I. 313) as follows:

> 1. The defendants' motion for summary judgment on invalidity of Claims 1 and 12 of plaintiff's U.S. Patent No. 4,976,698 (the "'698 patent") or *in the alternative to reopen the record is denied.* (Emphasis added).[1]

■ Because the March 6, 1989 judgment[2] was final except for an accounting, the judgment was then appealable by Phillips under 28 U.S.C. § 1292(c)(2). Thus, under Rule 59(e), Phillips' present motion for a new trial, or its alternative motion to open the record (D.I. 326) filed on August 30, 1989, comes too late. That motion was required to have been filed within 10 days after the entry of the appealable judgment entered on March 6, 1989. Rule 59(b), Fed. R.Civ.P. It was not filed until almost six months later.

■ Moreover, even if the present motion for a new trial was considered timely, it is quite obvious that it is a disguised motion to reopen the trial record to receive specific and limited additional evidence. The whole thrust of the motion is not to retry the entire case from beginning to end as was done originally. Its purpose is to expand the trial record by specific and essential evidence that Phillips now claims it formulated after the trial ended. Thus, this is simply the third time this issue in

---

1. In addition, the March 6, 1989 judgment was entered in favor of DuPont and against Phillips on the issue of invalidity and on the issue of infringement of Claims 1 and 12 of the '698 patent with respect to certain products, and the judgment also permanently enjoined Phillips from further infringement. (D.I. 313.)

2. Fed.R.Civ.P. 54(a) provides that the term "judgment," as used in the rules, "includes a decree and any order from which an appeal lies."

one form or another has been presented to the Court by Phillips. Thus, the Court again, having considered the matter and assuming the motion to be timely, denied the motion on the same grounds that it elaborately set forth in its Opinion at pages 7–17. (D.I. 312.)

Accordingly, Phillips' pending motion was denied above on alternative grounds. First, it was denied because the motion was untimely filed. Second, even if timely filed, it was alternatively denied on the merits for the exact same reasons set forth at pages 7–17 of the Court's Opinion (D.I. 312) entered on remand on March 6, 1989. Finally, the Court is left with the definite impression that the pending motion presenting the same arguments for a third time is totally frivolous and apparently is made for the purpose of delay.